Dear Mr. Zitzmann:
This office is in receipt of your opinion request, wherein you raise the following inquiries for our review and resolution:
 1. An ex officio member of the Board of Trustees of the Louisiana School Employees' Retirement System (the board) is an elected justice of the peace. Is there a dual officeholding violation by his serving on the board of trustees while being an elected justice of the peace?
 2. A board member who is elected by the membership of the system to his position on the board is elected as an alderman. Is there a dual officeholding violation by his serving on the board of trustees while being an elected alderman?
The Dual Officeholding and Dual Employment laws of this state, found within the statutory provisions of LSA-R.S. 43:61 etseq., governs our response to both your inquiries. First, note that both the offices of justice of the peace and alderman constitute local elective offices within a political subdivision of the state. See LSA-R.S. 42:62(1) and LSA-R.S. 42:62(9), defining "elective office" and "political subdivision" as follows:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
* * * *
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's court, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
The position of member of the Board of Trustees of the Louisiana School Employees' Retirement System, created under the auspices of LSA-R.S. 11:1162, is a state part-time appointment office, as defined by LSA-R.S. 42:62(2) and 42:62(4) (5), providing:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
* * * *
 (4) "Full time" means the period of time which a person normally works or is expected to work in a appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
The law prohibits the simultaneous holding of local elective office concurrently with state full-time appointiveoffice. LSA-R.S. 42:63(D) provides:
 D. No person holding an elected office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added.)
The prohibition does not extend to the concurrent holding of local elective office and part-time appointive office in the government of the state. Accordingly, the Dual Officeholding and Dual Employment laws permit the simultaneous holding of the office of justice of the peace or municipal alderman and the state part-time appointive office in question.
However, note that the office of Justice of the Peace is considered to be within the purview of the Code of Judicial Conduct administered by the Judiciary Commission of the Louisiana Supreme Court. You should direct your inquiry on this point to Mr. Hugh Collins, Judicial Administrator, 301 Loyola Avenue, Room 109, New Orleans, Louisiana, 70112.
Finally, we also refer all ethical inquiries to the Board of Ethics for Elected Officials, 7343 Perkins Road, Baton Rouge, Louisiana, 70808; we direct you to this office for resolution of any potential ethical conflict.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Mr. Boyd Zeke Zitzmann Board of Trustees Louisiana School Employees' Retirement System P.O. Box 44516 Baton Rouge, LA 70804-4516
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL